In the Matter of EARL G. THOMPSON, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 14, 1991

APPEARANCES OF COUNSEL

*Robert H. Straus (Diana Maxfield Kearse* of counsel), for petitioner.

OPINION OF THE COURT

Per Curiam.

By decision and order of this court dated December 4, 1989, the respondent was suspended from the practice of law for an

indefinite term, pending the outcome of a disciplinary proceeding and the Grievance Committee was authorized to institute a disciplinary proceeding against the respondent. The decision and order also referred the petition containing the charges to a Special Referee for hearing and report, and directed the respondent to serve his answer to the petition within 10 days after service upon him of a copy of that decision and order.

The order to show cause seeking, *inter alia,* the respondent's suspension was properly served upon the respondent on July 14, 1989, pursuant to an order of substituted service dated July 10, 1989. That order directed that the respondent be served by regular and certified mail, return receipt requested, to the respondent's last known address in Illinois and by affixing a copy of the papers to the door at his Illinois address. The return receipt indicates that these motion papers were received by the respondent on July 18, 1989, and an affidavit of service dated July 25, 1989, indicates that the order to show cause was delivered to Joanne Thompson at the Illinois address on July 24, 1989.

The decision and order dated December 4, 1989, which, *inter alia,* suspended the respondent was properly served upon the respondent on January 31, 1990, pursuant to an order of substituted service dated January 18, 1990, which order directed that the respondent be served by regular and certified mail, return receipt requested, to the respondent's last known address in Illinois.

The petitioner Grievance Committee now moves to hold the respondent in default and impose discipline upon him based upon the charges as set forth in the petition. The notice of motion for a default judgment based upon the respondent's failure to appear or answer in this proceeding was served upon the respondent on March 8, 1990, by regular and certified mail, return receipt requested, to the the respondent's same last known address in Illinois.

The charges involve the respondent misrepresenting his identity to clients; neglecting and abandoning during 1987 and 1988 legal matters entrusted to him by six clients; creating and submitting false, fraudulent, and forged documents to the Grievance Committee; failing to comply with a judicial subpoena, and failing to respond to a legitimate inquiry of the Grievance Committee.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Since the

respondent has chosen not to appear or answer in these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is therefore granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Earl G. Thompson is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Earl G. Thompson is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.